IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **DEMETRIA GORY** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-cv-2922-SHM-tmp |
| | ) |
| **LANDAU UNIFORMS**, | ) |
| | ) |
| Defendant. | ) |
| | ) |

---

**REPORT AND RECOMMENDATION**

---

On December 21, 2017, *pro se* plaintiff Demetria Gory filed a complaint asserting claims under Title VII of the Civil Rights Act of 1964, and Americans with Disabilities Act of 1990, against defendant Landau Uniforms.[1]  Gory also filed a motion for leave to proceed *in forma pauperis*, which the court granted on September 26, 2017.  (ECF Nos. 2, 7.)

Landau Uniforms filed a Partial Motion for Judgment on the Pleadings on June 21, 2018.  (ECF No. 21.)  Because Gory did not timely respond, the court entered an order to show cause, extending Gory's time to respond to that motion up to and including August 21, 2018.  (ECF No. 28.)  Landau Uniforms also filed a Second Motion to Compel on September 24, 2018.  (ECF No. 34.)  The court

---

[1] Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

had previously granted in part Landau Uniforms's first Motion to Compel and ordered Gory to provide complete responses to Landau Uniforms's discovery requests or otherwise provide a written explanation for her belief that she had already satisfied Landau Uniforms's requests within ten days. (ECF No. 30.) Landau Uniforms's second motion asserted that Gory failed to comply with the court's order. (ECF No. 34-1 at 2.) Because Gory failed to respond to either motion, the court entered a final order to show cause, ordering Gory to respond to the court's order within ten days and explain why she has failed to respond to Landau Uniforms's motions and failed to comply with this court's orders. (ECF No. 37.) The court also warned Gory that if she failed to timely respond the court would recommend that her case be dismissed with prejudice for failure to prosecute. And, the court warned that additional sanctions would also be considered at that time. As of the date of this report, Gory has not responded. The undersigned thus recommends that the court dismiss her complaint with prejudice for failure to prosecute.

An action may be dismissed if the plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication on the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary

burdens on the tax-supported courts and opposing parties." <u>Knoll v. Am. Tel. & Tel. Co.</u>, 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotations omitted).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

<u>Wu v. T.W. Wang, Inc.</u>, 420 F.3d 641, 643 (6th Cir. 2005) (citing <u>Knoll</u>, 176 F.3d at 363). Based on these factors, the undersigned submits that dismissal of Glover's complaint is appropriate.

First, Gory's failure to prosecute is willful; Gory has failed to respond to two motions and two court orders, and has not offered any explanation for her failure to do so. Second, Landau Uniforms has been prejudiced by Gory's failure to prosecute as it has expended time and resources in defending its case, including in filing both a dispositive motion and multiple discovery motions. Third, Gory has been warned that her case could be dismissed if she failed to comply with the court's orders. Fourth, while less drastic measures have been considered, the court finds that, under the present circumstances, no sanction short of dismissal will cure

plaintiff's failure to prosecute this matter. The court notes that Landau Uniforms has requested reasonable expenses, including attorneys' fees, incurred as a result of Gory's conduct. The court, however, believes that dismissal with prejudice is a sufficient remedy in this case, and therefore finds that additional sanctions, including an award of expenses, are not appropriate.

For the foregoing reasons, the undersigned recommends that Gory's complaint be dismissed for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b); <u>Wu</u>, 420 F.3d at 643.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

November 8, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**