# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

DEMETRIA GORY,

Plaintiff,

v.

Case No. 2:17-cv-2922-JPM-tmp

LANDAU UNIFORMS,

Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

Before the Court is the Report and Recommendation entered by the United States Magistrate Judge on November 8, 2018. (ECF No. 38.) The Magistrate Judge submits that Plaintiff Demetria Gory's complaint should be dismissed for failure to prosecute. (Id. at PageID 314.) Gory has not filed an objection to the Report and Recommendation. For the reasons set forth below, the Court ADOPTS the Report and Recommendation of the Magistrate Judge. Accordingly, Gory's lawsuit is DISMISSED WITH PREJUDICE.

**I.    Background**

On December 21, 2017, pro se Plaintiff Demetria Gory filed a complaint asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act of 1990, 29 U.S.C. §§ 621 *et seq.* (ECF No. 1 at PageID 1.) Gory claims that her employer, Defendant Landau Uniforms, discriminated against her based on her race, withheld her wages, and failed to accommodate her diabetes-related health

problems.  (Id. at PageID 5.)  Gory also alleges that she was sexually harassed by her manager.  (Id. at PageID 6,8.)  She claims that she reported the harassing behavior to Landau Uniforms and its owner but her manager was not disciplined.  (ECF No. 1 at PageID 6, 7.)  Gory further alleges that her manager began to subject her to unwarranted and unreasonable write-ups.  (Id. at ¶ kk.)  Gory claims she filed for disability status in January, 2015 and was approved soon after.  (Id. at ¶¶ ssss, tttt.)  Gory claims that she was terminated on March 30, 2015 and that Defendant told her that her position was being eliminated.  (Id. at ¶ fff.)

Gory filed charges with the Equal Employment Opportunity Commission (the "EEOC") on July 18, 2014, March 21, 2015 and June 17, 2015.  (ECF No. 1-1 at PageID 18, 25, 28.)  The EEOC issued right-to-sue letters for all three charges on or about September 20, 2017.[1]  (ECF No. 1-2 at PageID 32, 27, 38.)  Landau Uniforms filed an answer on February 26, 2018.  (ECF No. 10.)

Landau Uniforms filed a Partial Motion for Judgment on the Pleadings on June 21, 2018.  (ECF No. 21.)  Gory filed no response, so on August 7, 2018 the Court entered an Order to Show Cause and extended Gory's time to respond to Landau Uniforms's motion to August 21, 2018. (ECF No. 28.)  Gory did not show cause or otherwise respond.  (ECF No. 38 at PageID 312.)

Landau Uniforms filed a Motion to Compel on July 25, 2018, which the Court granted in part on September 5, 2018.  (ECF Nos. 24, 30.)  On September 24, 2018, Landau Uniforms filed a second Motion to Compel, reporting that Gory had failed to comply with the Court's

---

[1] The copies provided by Plaintiff are too faded to read the exact date of mailing.  Plaintiff does not specifically allege the date that the letters were issued.

September 5 discovery order. (ECF No. 24.) Gory did not respond to either motion to compel. (ECF No. 38 at PageID 312.)

The Magistrate Judge entered a second Order to Show Cause on October 24, 2018. (ECF No. 37.) In that order, the Court directed Gory to respond within ten days, or else the Magistrate Judge would enter a recommendation that her complaint be dismissed with prejudice. (Id. at PageID 309.) Gory again did not show cause. (ECF No. 38 at PageID 312.) The Magistrate Judge entered a Report and Recommendation on November 8, 2018, in which he submitted that the Court should dismiss Gory's complaint for failure to prosecute. (Id.) Landau Uniforms requested reasonable expenses, including attorneys' fees, as sanction for Gory's conduct. (Id. at 314; ECF No. 34-1 at PageID 301.) The Magistrate Judge recommended that dismissal with prejudice would be a sufficient and appropriate sanction. (Id.) Neither Gory nor Landau Uniforms objected to the Magistrate Judge's Report and Recommendation.

**II. Legal Standard**

**a. Standard of Review**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R.

3

Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

### b. Failure to Prosecute

An action may be dismissed if the plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication on the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotations omitted).

### III. Discussion

No objection having been filed, the Court reviews the Report and Recommendation for clear error. Fed. R. Civ. P. 72(b) advisory committee note. The Magistrate Judge analyzed whether to dismiss for failure to prosecute after considering four factors established by the Sixth Circuit:

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005) (citing Knoll, 176 F.3d at 363). (ECF No. 38 at PageID 313.) Applying these factors, the Magistrate Judge found:

First, Gory's failure to prosecute is willful; Gory has failed to respond to two motions and two court orders, and has not offered any explanation for her failure to do so. Second, Landau Uniforms has been prejudiced by Gory's failure to prosecute as it has expended time and resources in defending its case, including in filing both a dispositive motion and multiple discovery motions. Third, Gory has been warned that her case could be dismissed if she failed to comply with the court's orders. Fourth, while less drastic measures have been considered, the court finds that, under the present circumstances, no sanction short of dismissal will cure plaintiff's failure to prosecute this matter.

(ECF No. 38 at PageID 313-14.) The Magistrate Judge further concluded "that dismissal with prejudice is a sufficient remedy in this case, and therefore… additional sanctions, including an award of expenses, are not appropriate." (Id. at PageID 314.) Upon clear error review, the Court concurs with the Magistrate Judge's findings and ADOPTS the Report and Recommendation.

**IV.    Conclusion**

For the reasons set forth above, the Court ADOPTS the Report and Recommendation. This action is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**, this 19th day of December, 2018.

                                        /s/ Jon McCalla
                                        JON P. McCALLA
                                        UNITED STATES DISTRICT JUDGE